

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-30-2008

# Veatch v. Allegheny County

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3005

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Veatch v. Allegheny County" (2008). *2008 Decisions.* Paper 1102.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1102

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3005
_____

REGIS G. VEATCH, a Pennsylvania Resident and;
MARILYN S. VEATCH, his wife,

Appellants

v.

ALLEGHENY COUNTY BUREAU OF CORRECTIONS;
SERVICE EMPLOYEES INTERNATIONAL UNION

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 07-cv-00140)
District Judge:  The Honorable Terrence F. McVerry

_____

Submitted Under Third Circuit LAR 34.1(a)
May 23, 2008

Before: SMITH, HARDIMAN, and NYGAARD, Circuit Judges.

(Filed May 30, 2008)

———————

OPINION OF THE COURT

———————

NYGAARD, Circuit Judge.

After his employment was terminated for misconduct, Appellant Regis Veatch sued the Allegheny County Bureau of Corrections for violations of the Labor Management Relations Act . He also sued his union, the Service Employees International Union, for an alleged breach of its duty of fair representation. The District Court dismissed his complaint, determining that it lacked jurisdiction because neither Allegheny County nor the SEIU are "employers" within the meaning of the LMRA.

Before the District Court, and then again on appeal, Veatch argues that he was not an employee of Allegheny County, but rather of the County Jail Oversight Board. Both parties concede that the Allegheny County jail is operated and maintained by the County Jail Oversight Board. In *Crilly v. Southeastern Pennsylvania Transportation Authority*, 529 F.2d 1355 (3d Cir.1976), we held that a transportation authority was not an "employer" for purposes of the LMRA because it was a political subdivision. We also held that employees working for the authority could not be considered "employees" within the meaning of the LMRA. The Board here, like the transportation authority in *Crilly*, is a creature of statute and, therefore, a political subdivision of the government – exempting it from the LMRA. We will affirm.

2